KELLY, Circuit Judge,
concurring.
Our court has not previously decided whether “[t]he statutory direction to avoid unwarranted disparities among defendants [in accordance with] 18 U.S.C. § 3553(a)(6) refers to national disparities [rather than] differences among co-conspirators.” Supra at 850. See Fry, 792 F.3d at 892-93 (noting in dicta that “[m]ost courts say that the statutory direction to avoid unwarranted sentence disparities, see 18 U.S.C, § 3553(a)(6), refers to national disparities, not differences among co-conspirators” but affirming defendant’s longer sentence as substantively reasonable when compared to sentences of other participants in fraud scheme because “disparate sentences among dissimilar defendants are not unwarranted”) (emphasis omitted); United States v. Nshanian, 821 F.3d 1013, 1019 (8th Cir. 2016) (citing Fry, 792 F.3d at 892, but nonetheless “[assuming for the sake of analysis that the statutory direction to avoid unwarranted sentence disparities might refer to' differences among co-conspirators rather than national disparities”); United States v. Avalos, 817 F.3d 597, 602 (8th Cir. 2016) (citing Fry, 792 F.3d at 892-93, but “assuming for the sake of analysis that sentence disparities among co-conspirators could demonstrate unreasonableness”). In my view, there is no need to do so here, because any disparity between Pierre’s sentence and those of his co-conspirators was warranted for the reasons stated by the court. For this reason, I concur in the result, but not in the conclusion regarding the proper scope of § 3553(a)(6). I otherwise concur in the court’s opinion.